IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBIN M. WILKE,** *et al.*, | Case No. 2:11-cv-848 |
| Plaintiffs, | Judge Edmund Sargus |
| v. | Magistrate Judge Mark Abel |
| **CITY OF REYNOLDSBURG,** *et al.*, | |
| Defendants. | |

## PROTECTIVE ORDER

**I.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential.

**II.     DEFINITIONS**

1.     <u>Party</u>: Any party to any of the captioned actions, including all of its officers, directors, employees, consultants, and outside counsel (and their support staff).

2.     <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony,

transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3. "Confidential" Information or Material: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c)(7) and that a Producing Party considers to constitute confidential, sensitive or proprietary business information or documents, the disclosure of which might adversely affect a Producing Party's competitive position, business operations, or economic interests or personal private information.

4. Receiving Party: A Party or non-party that receives Disclosure or Discovery Material from a Producing Party.

5. Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

6. Designating Party: A Party or non-party that designates information or items that are produced in disclosures or in responses to discovery as "Confidential."

7. Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

8. House Counsel: Attorneys who are employees of a Party.

9. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

10. Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    11.    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III.    SCOPE

The protections conferred by this Order cover not only Confidential Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Material.

### IV.    NON-PARTIES

Any non-party from whom discovery is sought may be informed of and may obtain the protection of this Order by sending written notice to counsel for the Parties or by invoking this Order on the record during any deposition or similar proceeding. If a non-party asserts confidentiality and is deposed, the deposition may need to be extended to address issues of confidentiality.

### V.    DESIGNATING CONFIDENTIAL MATERIAL

    1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    2.    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material qualifies for protection, the Producing Party may only designate the protected page(s), not the entire document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" on each page that contains Confidential Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party identify all protected testimony on the record, before the close of the deposition, hearing, or other proceeding. When it is impractical to identify separately each portion of the testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (or in writing within 7 days of the conclusion of the deposition or proceeding) a right to have up to 30 days after the transcript is prepared to identify the specific portions of the testimony as to which protection is sought. Only those

portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Transcript pages containing Confidential Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

3. <u>Inadvertent Failures to Designate</u>: If corrected within 60 days of production, an inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

In the event a Party objects to another Party or non-party's designation of information as Confidential Information, it shall specify in writing to the Designating Party those materials or

categories of materials it contends should not be designated as Confidential Information ("Disputed Documents") and the basis for such contention. The Parties will meet and confer to attempt to resolve all Confidential Information designations.  If the parties are unable to resolve disputes regarding the designation of Confidential Information, any party may bring the matter to the Court for resolution. There is a rebuttable presumption that the burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**VII.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

1.    <u>Basic Principles</u>: A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI below (FINAL DISPOSITION).

2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Party's attorneys in this action, as well as employees and agents of said attorneys to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors and employees of any Party to whom disclosure is reasonably necessary for this litigation;

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

Bound by Confidentiality Order" (Appendix A) (counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Nondisclosure Agreements);

   (d) the Court and its personnel;

   (e) court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for this litigation;

   (f) any person from whom noticed testimony is taken in this case;

   (g) any person whom a Party's attorney believes is a potential witness in this case subject to the condition that no information or item designated "CONFIDENTIAL" shall be left in the custody of any potential witness who has not signed the "Agreement to be Bound by Confidentiality Order" (Appendix A) (counsel of record to whom Confidential Information is produced shall keep in their files the originals of all signed Nondisclosure Agreements);

   (h) the author or recipient of the documents or the original source of the information; and

   (i) any insurance company that may insure damages on behalf of any defendant in this litigation; and

   (j) any person whom counsel for the Parties agree should have access to such materials and who agrees to be bound by the terms of this Order.

**VIII. CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

 If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order.

Such information must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order in issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order was issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### IX. INFORMATION PROTECTED BY THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT ("HIPAA")

Nothing in this Order shall be read to require the production of confidential patient or medical information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"). A Producing Party shall, as applicable, redact confidential patient or medical information and so note on the responsive document or on an appropriate redaction log.

### X. FILING CONFIDENTIAL MATERIAL

All documents, including but not limited to, transcripts of depositions, exhibits, produced documents, answers to interrogatories or portions thereof, and requests for admissions or portions thereof, whether originals or copies, which are filed with the Court, which have been designated by a Party as Confidential Material, and briefs or memoranda that copy, excerpt or specifically and materially summarize Confidential Material, shall be placed in a sealed envelope and submitted to the Clerk of Court with a motion for leave to seal under S.D. Ohio Local Civ.

R. 79.3. The sealed envelope or other appropriately sealed container shall be endorsed with the title of the action, an indication of the nature of the contents of such sealed or other container, the legend "CONFIDENTIAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE FILED IN THIS CASE BY [NAME OF PARTY] AND IS NOT TO BE OPENED NOR THE CONTENTS TO BE DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

## XI. FINAL DISPOSITION

Within sixty (60) days after a judgment in or dismissal or other resolution of this action becomes final and non-appealable, the attorneys for each Party who received Confidential Material shall (a) return to the Producing Party all copies of Confidential Material produced by such person; or (b) destroy all documents containing or based upon Confidential Material (including all copies); and (c) provide a certification of compliance with this paragraph. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Material that is referred to or attached to any attorney work product), but any Confidential Material contained in such materials may not be disclosed to any person not a Designated Person.

## XII. CLAWBACK OF INADVERTENTLY PRODUCED PRIVILEGED DOCUMENTS.

Both parties agree that any inadvertent inclusion of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, 3 days after the Receiving Party notifies the Producing Party that it has received the material, the Producing Party does not request the return of the privileged matter.

Both parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure.  Further, both parties agree that no copies will be made of the inadvertently disclosed materials.

### XIII.  MISCELLANEOUS

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

3. This Order applies to all proceedings in this action other than trial. Confidentiality rules covering the trial of this action that can be agreed upon by the Parties will be set forth in a consolidated pretrial order to be drafted by the Parties and submitted to the Court.

4. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of documents, testimony or other evidence in this action.

5. This Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Information.

6. Nothing in this Order shall prevent the Parties from agreeing to amend this Order, nor shall it prevent any Party from moving for an amendment to this Order either during or after the conclusion of this action, nor shall it prejudice in any way the rights of a Party to apply to the Court for any additional protection with respect to the confidentiality of documents or information that the Party may consider appropriate.

      7.      Nothing in this Order shall prevent a Party or non-party who has designated material as Confidential Information from agreeing to release any of the Confidential Information from the requirements of this Order.

      DONE AND ORDERED this \_\_\_\_ day of January, 2012.

      <u>Mark R. Abel</u>
      United States Magistrate Judge

APPROVED:

| **Attorneys for Plaintiffs** | **Attorneys for Defendants** |

    /s/ Bradley D. Barbin
Bradley Davis Barbin (OH 0070298)
Trial Attorney
(bbarbin@barbinlaw.com)
**Barbin Law**
52 West Whittier Square
Columbus, Ohio  43206
(614) 445-8416

Counsel to Plaintiffs Robin M. Wilkie, Christopher D. Moore and Shanda O. Coey

 and

Shawn J. Organ, Esq. (OH 0042052)
(sjorgan@ocslawfirm.com)
Jonathan K. Stock, Esq. (OH 0065637)
(jkstock@ocslawfirm.com)
**Organ Cole + Stock, llp**
1335 Dublin Road, Suite 104D
Columbus, Ohio  43215
614.481.0900
614.481.0904 (f)

Co-Counsel to Plaintiffs Robin M. Wilkie, Christopher D. Moore and Shanda O. Coey

    /s/ Michael S. Loughry
ROBERT H. STOFFERS (0024419)
MICHAEL S. LOUGHRY (0073656)
Mazanec, Raskin & Ryder Co., L.P.A.
250 Civic Center Drive, Suite 400
Columbus, Ohio  43215
(614) 228-5931
(614) 228-5934-Fax
rstoffers@mrrlaw.com
mloughry@mrrlaw.com

Trial Attorneys for Defendants City of Reynoldsburg, Ohio; Reynoldsburg Police Department; Officer Jeremy Severance; Officer Michael Loyszczyk; Officer Ryan Kiser and Officer Robert Campbell

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ROBIN M. WILKE,** *et al.*, | **Case No. 2:11-cv-848** |
| **Plaintiffs,** | **Judge Edmund Sargus** |
| v. | **Magistrate Judge Mark Abel** |
| **CITY OF REYNOLDSBURG,** *et al.*, | |
| **Defendants.** | |

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

The undersigned hereby acknowledges that he/she has read the foregoing Confidentiality Order Protecting Discovery Materials in the above-captioned case and that he/she understands the terms of the Order, agrees to be bound by it, and agrees to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for enforcement of the Order.

_____    _____
Signature                                                                   Date

_____
Corporation

_____
Printed Name and Title

**APPENDIX A**